**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3792
_____

ANDRE JACOBS,
                    Appellant

v.

*SECRETARY PENNSYLVANIA DEPARTMENT OF CORRECTIONS; JOHN
SHAFFER, Executive Secretary of Corrections; FRED MAUE, M.D. Chief Psychiatrist;
LANCE COUTURIER, Chief Psychologist; WILLIAM STICKMAN, Deputy Western
Union; NEAL MECHLING, Former Superintendent of Fayette and SCI-Western;
HARRY WILSON, Superintendent-Fayette; GARY GALLUCCI, Psychologist-Fayette;
PETE SAAVEDRA, Psychiatrist-Fayette; RAVINDRANATH KOLLI, M.D., Former
LTSU Psychiatrist; MARK KRYSEVIG, Former Deputy Superintendent-Fayette; JOEL
DICKSON, Former Deputy Superintendent; LINDA HARRIS, Deputy Superintendent-
Fayette; RODNEY TORBIC, Attorney; REBECCA KESSLER, Former LTSU Unit
Manager; RONALD REISINGER, Chief Grievance Coordinator Delegate; JOAN
DELIE, Corrections Health Care Administrator; DON SKUNDA, Health Care Staff-
Western; DR. GINCHEREAU, Health Care Staff-Western; LORI LAPINA, Physician's
Assistant; CHRIS MEYERS, Physicians Assistant-Fayette; GLORIA POINDEXTER,
Healthcare Staff-Western; ROSEMARY HORNER; JOANN DIAMICO; KENNETH
RANDOLPH; TRACEY LAHUE; ZATTOZALO; DONALD GEORGE; GREGORY
GIDDENS; GREGORY MOHRING; LT. GREEN (Western); ANTHONY BOVO;
JOSEPH KREMPOSKY; MARK MOZINGO (Lieutenants); GARY ABRAMS, Former
Corrections Officer, Current Counselor; B.E. ANSELL, Hearing Examiner; RANDY
MINNICK; JOHN KNUMPSKI; SCOTT CARLSON; SGT. KEEFER (Correctional
Officers); CAROL SCIRE, Grievance Coordinator/Superintendents

*(Pursuant to Rule 43(c), Fed. R. App. P.)
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 07-cv-00514)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 19, 2013

Before: SLOVITER, GREENAWAY, JR. and BARRY, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 19, 2013)
_____

OPINION
_____

PER CURIAM

Andre Jacobs, a Pennsylvania prisoner proceeding <u>pro</u> <u>se</u>, appeals an order of the United States District Court for the Western District of Pennsylvania granting summary judgment in favor of the defendants in his civil rights action. For the reasons that follow, we will affirm the judgment of the District Court.

In April 2007, Jacobs filed a complaint against prison officials, employees, and medical providers claiming violations of his constitutional rights in connection with his confinement in the Long Term Segregation Units ("LTSU") at SCI-Pittsburgh and SCI-Fayette. In an amended complaint, Jacobs alleged, among other things, that his placement in the LTSU was improper because he suffers from mental illnesses, that the conditions in the LTSU exacerbated his illnesses, and that he was being denied proper treatment. Jacobs also averred that in 2003 he was assaulted by guards, denied medical treatment, issued a false misconduct, and denied access to the courts, and that in 2004 he was placed in four-point restraints and injected with a drug, which he later learned was Haldol. Jacobs also alleged that the defendants, in particular Drs. Ravindranath Kolli and

Peter Saavedra, subjected him to experimental treatment with medication.

The defendants filed motions to dismiss the complaint, asserting that Jacobs' claims are time-barred. Because Jacobs submitted documents beyond the pleadings, the Magistrate Judge treated the motions as motions for summary judgment and recommended granting them on statute of limitations grounds. The District Court adopted the Magistrate Judge's report and recommendation. Jacobs then filed a motion for reconsideration asserting that he had not discovered the basis for his claims against Drs. Kolli and Saavedra until August 2005, when he was first able to review his medical records. Because the Magistrate Judge had not considered whether the statute of limitations was tolled on this basis, the District Court reopened the matter as to Drs. Kolli and Saavedra.

Jacobs then filed a second amended complaint against Drs. Kolli and Saavedra, reiterating allegations that these defendants condoned his confinement in the LTSU knowing of his mental illness, under-diagnosed his condition so that he would remain there, and experimented on him with anti-psychotic medication. Drs. Kolli and Saavedra moved for summary judgment, again asserting that Jacobs' claims are time-barred. The Magistrate Judge agreed, explaining that by June 2004 Jacobs was aware of, or through the exercise of reasonable diligence should have been aware of, all relevant facts concerning the alleged actions of Drs. Kolli and Saavedra.

The District Court adopted the Magistrate Judge's recommendation to grant summary judgment. The District Court noted that Jacobs had most strenuously objected

3

to the dismissal of his claim that Drs. Kolli and Saavedra had subjected him to experimentation, but the District Court agreed with the Magistrate Judge that Jacobs should have been on notice of his claim before August 2005. The District Court also found that Jacobs had not produced any evidence from which a jury could conclude that experimentation had taken place. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. Knopick v. Connelly, 639 F.3d 600, 606 (3d Cir. 2011).

Pennsylvania's two-year statute of limitations applicable to personal injury actions applies to Jacobs' action pursuant to 42 U.S.C. § 1983. Lake v. Arnold, 232 F.3d 360, 368 (3d Cir. 2000). Pennsylvania's tolling rules also apply. Id. The discovery rule tolls the statute of limitations until a plaintiff, exercising reasonable diligence, actually discovers his injury. Id. at 367. In addition, the statute of limitations is tolled where a defendant prevents a plaintiff from discovering his injury through fraud or concealment. Bohus v. Beloff, 950 F.2d 919, 925 (3d Cir. 1991).

Jacobs challenges his confinement and treatment in the LTSU in 2003 and 2004. Absent tolling of the statute of limitations, his complaint filed in April 2007 is time-barred. Jacobs argues on appeal, as he argued below, that he discovered the facts supporting his claims in August 2005, when he was able to review his medical records during a criminal proceeding. He explains that Dr. Kolli, Dr. Saavedra, and others had represented that he did not suffer from a significant mental illness that would preclude his

4

placement in the LTSU, but when he reviewed his medical records, he discovered that he had been diagnosed with bi-polar disorder, post-traumatic stress disorder, anti-social personality disorder, intermittent explosive disorder, and dysthymia (depression). He also states that he learned the names of medications he had been prescribed.

Jacobs contends that he concluded from this information that Dr. Kolli, Dr. Saavedra, and others had concealed and lied about the seriousness of his condition and the appropriateness of his confinement in the LTSU. He also concluded that Drs. Kolli and Saavedra had experimented on him because they had prescribed him medication while maintaining that he did not suffer from a mental illness. Jacobs contends that the records he reviewed in August 2005 "put all of defendants' treatment . . . throughout the 2003-4 period in a new light; which serves as a basis for this suit, i.e. experimentation with deliberate indifference in violation of due process, the 8th Amendment and bodily integrity." Appellant's Br. at 17.

The record reflects, however, that Jacobs believed in 2003 and 2004 that his mental health precluded his confinement in the LTSU and that he was being denied proper mental health treatment. Jacobs' medical records show that he questioned his LTSU placement in 2003 based on his psychiatric history, which included stays at two hospitals as a child. Jacobs also filed a grievance in April 2004 challenging his confinement in the LTSU and the denial of mental health treatment.

Jacobs also stated in an affidavit submitted in opposition to summary judgment that he told Dr. Kolli, his psychiatrist from May 2003 until January 2004, that he suffered

5

from impulse control problems, that he had been diagnosed with depression, and that he had been prescribed certain medications, which he identified. Jacobs stated that he repeatedly told Dr. Kolli that he was depressed and suffering under the conditions in the LTSU, but Dr. Kolli only offered him drugs. Jacobs attested to the same facts with respect to Dr. Saavedra, his psychiatrist in 2004, whom he states employed the same practices as Dr. Kolli.

As discussed further in the Magistrate Judge's report, Jacobs has not shown that he discovered any information in August 2005, or that Drs. Kolli and Saavedra concealed any information, that was needed to bring his claims of deliberate indifference to his mental health needs. Jacobs' medical records do not support his assertion that he discovered that he had been diagnosed with bi-polar and post-traumatic stress disorders.[1] Jacobs may have learned other diagnoses when he saw his records, such as anti-social personality disorder, or the names of some medications, but he already knew that he had been given medication for his mental health complaints and that he was not provided any other treatment, which he believed he needed. We also agree with the District Court that Jacobs had all of the facts he needed to pursue his experimentation theory of liability before August 2005. Because we conclude that Jacobs' claims are time-barred, we need

---

[1] Jacobs' statement that he was diagnosed with bi-polar disorder appears to be based on a notation by Dr. Saavedra to "r/o [rule out] Bipolar DO vs. Severe ASPD [anti-social personality disorder]." Saavedra Supp. App. at 103a. Jacobs' statement that he was diagnosed with post-traumatic stress disorder appears to be based on the 2009 testimony of an expert who testified on Jacobs' behalf at a trial involving a claim against a correctional officer.

not address the District Court's additional ruling that Jacobs failed to submit evidence from which a jury could conclude that he was subjected to experimental treatment.

Accordingly, we will affirm the judgment of the District Court.[2]

---

[2]The motions by Drs. Kolli and Saavedra to file supplemental appendices are granted.